PROB 12C  
(6/16)

Report Date: August 7, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Aug 07, 2020**

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Alex David Sprenkle              Case Number: 0980 1:17CR02013-WFN-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge  
Name of Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: November 14, 2017

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g), 924(a)(2) | |
| Original Sentence: | Prison - 30 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | James Goeke | Date Supervision Commenced: July 18, 2019 |
| Defense Attorney: | Roger Peven | Date Supervision Expires: July 17, 2022 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: Alex Sprenkle is alleged to have violated the terms of his supervised release by consuming a controlled substance, morphine, on or about July 30, 2020. |
| | On July 18, 2019, supervision commenced in this matter. That same day a supervision intake was completed. The judgment and conditions of supervision were reviewed with Mr. Sprenkle. He signed a copy of the judgment indicating an understanding and acknowledgment of the conditions imposed by the Court, to include special condition number 3, noted above. |
| | On July 17, 2020, as part of a STEP sanction, Mr. Sprenkle entered a residential reentry center (RRC). That same day, he submitted to a urinalysis test as part of the RRC intake procedures. The sample tested negative for illicit substances. |

Prob12C
**Re: Sprenkle, Alex David**
**August 7, 2020**
**Page 2**

On July 30, 2020, Mr. Sprenkle submitted to another urinalysis test at the RRC. The laboratory report confirmed a positive test result for the presence for morphine.

2  **Special Condition #4 Imposed on July 2, 2020:** Mr. Sprenkle shall remain at th RRC for a period of up to 180 days.

**Supporting Evidence**: Alex Sprenkle is alleged to have violated the terms of his supervised release, by being unsuccessfully discharged from the RRC on August 7, 2020.

On July 18, 2019, supervision commenced in this matter. That same day a supervision intake was completed. The judgment and conditions of supervision were reviewed with Mr. Sprenkle. He signed a copy of the judgment indicating an understanding and acknowledgment of the conditions imposed by the Court.

On October 3, 2019, Mr. Sprenkle entered the Sobriety Treatment and Education Program (STEP).

On July 2, 2020, Mr. Sprenkle was sanctioned to enter and remain at the RRC for up to 180 days and an order was filed reflecting this added condition.

On July 17, 2020, as part of a STEP sanction, Mr. Sprenkle entered a RRC. That same day, he submitted to a urinalysis test as part of the intake procedures. The sample tested negative for illicit substances.

On July 30, 2020, Mr. Sprenkle submitted to another urinalysis test at the RRC. On August 7, 2020, the laboratory report confirmed a positive test result for the presence for morphine. As a result, Mr. Sprenkle is being terminated from the RRC.

3  **Special Condition # 2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Alex Sprenkle is alleged to have violated the terms of his supervised release by failing to report for substance abuse treatment at Pioneer Human Services (PHS), on or about August 6, 2020.

On July 18, 2019, supervision commenced in this matter. That same day, a supervision intake was completed. The judgment and conditions of supervision were reviewed with Mr. Sprenkle. He signed a copy of the judgment indicating an understanding and acknowledgment of the conditions imposed by the Court, to include special condition number 2, noted above.

On October 29, 2019, Mr. Sprenkle completed a substance abuse evaluation at PHS and was enrolled in intensive outpatient classes.

Prob12C
**Re: Sprenkle, Alex David**
**August 7, 2020**
**Page 3**

      On August 6, 2020, the undersigned was advised by PHS staff that Mr. Sprenkle failed to appear for his scheduled substance abuse group session on August 6, 2020.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to answer to the allegation(s) contained in this petition.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/07/2020

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[x] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

August 7, 2020
Date