PROB 12C
(6/16)

Report Date: December 29, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Alex David Sprenkle | Case Number: 0980 1:17CR02013-SAB-1 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: November 14, 2017

| | |
|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g) and 924(a)(2) |
| Original Sentence: | Prison - 30 months<br>TSR - 36 months |  Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(July 22, 2021) | Prison - 45 Days<br>TSR - 34 months | |
| Asst. U.S. Attorney: | Benjamin Seal | Date Supervision Commenced: July 23, 2021 |
| Defense Attorney: | Molly Winston | Date Supervision Expires: May 22, 2024 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: It is alleged that Alex Sprenkle violated the terms of his supervised release by consuming a controlled substance, Fentanyl, on or about December 14, 2021.<br><br>On July 23, 2021, supervision commenced in this matter. Mr. Sprenkle had entered inpatient treatment that same date.  On July 30, 2021, a supervision intake was completed by telephone and Mr. Sprenkle verbally acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 5.  On August 2, 2021, the undersigned met with Mr. Sprenkle at the inpatient treatment facility and he signed all applicable documentation to include his judgment in this matter. |

Prob12C
**Re: Sprenkle, Alex David**
**December 29, 2021**
**Page 2**

On December 14, 2021, Mr. Sprenkle reported to the United States Probation Office. He submitted to a urinalysis which was presumptive positive for Fentanyl. The specimen was sent to Abbott laboratory for further analysis. Mr. Sprenkle's last admitted use of Fentanyl was on December 9, 2021.

On December 20, 2021, Abbott laboratory confirmed a positive reading for the presence of Fentanyl from the specimen submitted on December 14, 2021, which would not be consistent with Mr. Sprenkle's reported last use being on December 9, 2021.

2   **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: It is alleged that Alex Sprenkle violated the terms of his supervised release by failing to attend substance abuse treatment as required since on or about December 9, 2021.

On July 23, 2021, supervision commenced in this matter. Mr. Sprenkle had entered inpatient treatment that same date. On July 30, 2021, a supervision intake was completed by telephone and Mr. Sprenkle verbally acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 4. On August 2, 2021, the undersigned met with Mr. Sprenkle at the inpatient treatment facility and he signed all applicable documentation to include his judgment in this matter.

Mr. Sprenkle is enrolled in intensive outpatient treatment services with Riverside Recovery.

On December 9, 2021, the undersigned met with Mr. Sprenkle and his treatment counselor at Riverside Recovery to discuss recent drug use. At that time, Mr. Sprenkle was scheduled to attend two group sessions per week; however, due to his admitted use, his treatment plan was amended to required him to attend three group sessions per week.

On December 28, 2021, his treatment counselor reported that since December 9, 2021, Mr. Sprenkle had only attended one group session and he failed to appear for an individual session on December 27, 2021. In addition, he failed to appear for a drug test at their facility on December 27, 2021.

3   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Sprenkle violated the terms of his supervised release by consuming a controlled substance, Fentanyl, on or about December 27, 2021.

Prob12C
**Re: Sprenkle, Alex David**
**December 29, 2021**
**Page 3**

On July 23, 2021, supervision commenced in this matter. Mr. Sprenkle had entered inpatient treatment that same date. On July 30, 2021, a supervision intake was completed by telephone and Mr. Sprenkle verbally acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 5. On August 2, 2021, the undersigned met with Mr. Sprenkle at the inpatient treatment facility and he signed all applicable documentation to include his judgment in this matter.

On December 28, 2021, the undersigned contacted Mr. Sprenkle by telephone to discuss his most recent positive drug test and his noncompliance with treatment. Mr. Sprenkle acknowledged he was struggling with use and advised he last consumed Fentanyl on December 27, 2021.

4      **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: It is alleged that Mr. Sprenkle violated the terms of his supervised release by failing to enter a detox facility as directed, on or about December 28, 2021.

On July 23, 2021, supervision commenced in this matter. Mr. Sprenkle had entered inpatient treatment that same date. On July 30, 2021, a supervision intake was completed by telephone and Mr. Sprenkle verbally acknowledged an understanding of the conditions imposed by the Court, to include the above-noted standard condition number 13. On August 2, 2021, the undersigned met with Mr. Sprenkle at the inpatient treatment facility and he signed all applicable documentation to include his judgment in this matter.

On December 28, 2021, the undersigned contacted Mr. Sprenkle by telephone to discuss his most recent positive drug test and his noncompliance with treatment. Mr. Sprenkle acknowledged he was struggling with use and advised he last consumed Fentanyl on December 27, 2021.

Mr. Sprenkle reported concerns with becoming ill when he is not able to use.

He was directed to check himself into a detox facility on December 28, 2021, in order to receive withdrawal management services and participate in an assessment to determine a need for inpatient services.

Mr. Sprenkle failed to enter the detox facility as directed.

5      **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Sprenkle violated the terms of his supervised release by failing to appear for a urinalysis, on or about December 28, 2021.

On July 23, 2021, supervision commenced in this matter. Mr. Sprenkle had entered inpatient treatment that same date. On July 30, 2021, a supervision intake was completed by telephone and Mr. Sprenkle verbally acknowledged an understanding of the conditions

imposed by the Court, to include the above-noted special condition number 5. On August 2, 2021, the undersigned met with Mr. Sprenkle at the inpatient treatment facility and he signed all applicable documentation to include his judgment in this matter.

On December 28, 2021, the undersigned contacted Mr. Sprenkle by telephone to discuss his most recent positive drug test and his noncompliance with treatment. Mr. Sprenkle acknowledged he was struggling with use and advised he last consumed Fentanyl on December 27, 2021.

Mr. Sprenkle was directed to report for drug testing at Pioneer Human Services on December 28, 2021.

Mr. Sprenkle failed to appear for drug testing as directed.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    12/29/2021

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

*Stanley A. Bastian* (signature)

Signature of Judicial Officer

12/30/2021

Date